THE STATE, JOHN L. SEWARD, PROSECUTOR, v. THE CITY OF ORANGE AND ALPHEUS STRUBLE, CITY CLERK.

1. The common council of Orange has no power to lay out a highway over what is known as "Military Common."
2. An ordinance that it shall not be lawful to use any part of the park as a highway, except on the extension or continuance of Hickory street over it, is an abuse of the authority given by the city charter over the park.

On *certiorari* to remove an ordinance of the city of Orange.

Argued at June Term, 1896, before Justices DEPUE, VAN SYCKEL and GUMMERE.

For the plaintiff, *Colie & Swayze.*

For the defendants, *Coult & Howell.*

The opinion of the court was delivered by

VAN SYCKEL, J.    This *certiorari* is prosecuted to test the validity of an ordinance passed by the city of Orange, October 7th, 1895.    The land affected by said ordinance is about one thousand feet long, with an average width of about one hundred and fifty feet.    It is now ornamented by shrubbery and trees, and its entire boundary is surrounded by unbroken curbing.    It is bounded on the north by Main street, on the south by South Main street, and on the south side of South Main street there are a number of fine dwelling-houses front-

ing on this strip of land popularly known as "The Military Common" in the city of Orange.

A plot of ground, including this common, was granted, in 1799, to "The Mountain Society" as a parsonage lot.

June 1st, 1797, the church records show that the land now called a "common" was a training-ground.

In 1802 the church conveyed lots to different persons, with a covenant that the parsonage ground in front of the lots so conveyed should be and remain as it then was, a common forever.

The prosecutor derives his title from one of these grantees of the church.

On the 12th of August, 1868, the common council of Orange passed an ordinance as follows: "It shall not be lawful for any person to lead, ride or drive any animal whatsoever, whether such animal be attached to any vehicle or not, along, across or upon the public ground known as the 'Military Common;' neither shall it be lawful for any person, himself or herself, to propel any vehicle, other than a child's wagon, along, across or upon said common, except upon any flagged walk which may be laid thereupon, under the penalty of five dollars for every such offence."

The ordinance certified into this court for review is as follows:

"A supplement to an ordinance entitled 'An ordinance to protect the Military Common from injury and nuisances.'

"*Be it ordained by the Common Council of the City of Orange, as follows:*

" Section 1. That section one of the said ordinance is hereby amended so that the same shall read: ' It shall not be lawful for any person to lead, ride or drive any animal whatsoever, whether such animal be attached to any vehicle or not, along, across or upon the public ground known as the "Military Common," except upon the driveway crossing the same in a line in continuation of Hickory street, from South Main street

to Main street, as the same is laid across said common; neither shall it be lawful for any person, himself or herself, to propel any vehicle, other than a child's wagon, along, across or upon said common, except upon said driveway and any flagged or graveled walks which may be laid thereupon, under the penalty of five dollars for every such offence.'

"Sec. 2. That all the provisions of section one of said ordinance inconsistent with the terms of this ordinance are hereby repealed.

"Passed October 7th, 1895.

"ALPHEUS STRUBLE,
"*City Clerk.*"

By the charter of Orange no express power is given to the city to lay streets over the common.

By the charter of 1866 (*Pamph. L., p.* 220) the city is given exclusive control of the ground known as "Military Common," with power "to improve and decorate the same and to protect it from injury and nuisance, but without authority to sell or lease or in any way to divert it from public use, or from any use to which it may have been originally donated."

By the act of 1867 (*Pamph. L., p.* 932) the city was given power to lay out a street and sidewalk along the southern side of the common, and also to appropriate money to decorate and improve the common.

By an act passed in 1869 the city is given power to regulate, protect and improve "Military Common."

If the legislature had power to authorize a highway to be laid across this common, it has not been granted to the city by any of the acts referred to.

The expression of the power granted is a limitation upon the power which the city may lawfully exercise and a withholding of the power not granted.

*Expressio unius est exclusio alterius* applies.

The laying out of a highway, merely for the purpose of giving the public a right to cross over it with vehicles, is not

an improvement or decoration of the "common," as roads laid out in a park for the purpose of enjoying it might be. Such a street laid across so narrow a park would manifestly interfere with the enjoyment of it by the public.

But if the city had power to lay out a street across the common, that power has not been exercised in the manner provided by the city charter for laying out highways.

Assuming that the city was without power to authorize the crossing of the "common" on the continuation of "Hickory street," is there anything in the ordinance of October 7th, 1895, which entitles the prosecutor to the judgment of this court that it shall be set aside?

The ordinance of August 12th, 1868, provided a penalty of $5 for anyone who led or drove an animal over or upon the "common."

If the common council, on the 7th of October, 1895, had passed an ordinance wholly repealing the ordinance of August 12th, 1868, it is clear that *certiorari* would not lie to review that action.

The ordinance of October 7th, 1895, does not repeal the ordinance of 1868 wholly, but amends it, providing that it shall not be lawful for any person to drive with any vehicle along, across or upon "Military Common," except upon the driveway crossing the same in a line in continuation of Hickory street as the same is laid across said common. This is a declaration by the common council in effect that it shall not be unlawful to drive across the common on the continuation of Hickory street.

This was a clear abuse of the power given to the common council by the charter of 1866, "to improve and decorate the park, and to protect it from injury and nuisance, but without authority to sell or lease or in any way divert it from public use, or from any use to which it may have been originally donated." Such a traveled way is not for the use of the park as a park. On the contrary, it diverts a portion of the park to a wholly different use and a use to which it was not donated.

The common council having undertaken to exercise the granted power to protect the park from injury, by an ordinance, was bound to make the ordinance applicable to the entire park, and could not expose a portion of it to be trespassed upon at the will of the public. The ordinance as passed was an invitation to the public to do what the council had no power to permit, and it must, therefore, be set aside.

How far the private right of the prosecutor extends, it is not necessary to decide.