FRANK E. B. TATE & another *vs.* CITY OF MALDEN
& others.

Middlesex.    March 6, 1956. — July 27, 1956.

Present: QUA, C.J., RONAN, WILKINS, COUNIHAN, & WHITTEMORE, JJ.

*Municipal Corporations*, Parking place.    *Malden.    Eminent Domain*,
Purpose of taking, Validity of taking.

The fact that a parcel of privately owned land in Malden was already
being used by its owner as a public parking lot did not preclude a
taking of the parcel by the city by eminent domain for a public parking
space under St. 1954, c. 600. [507]
Provision of public off-street parking spaces by a municipality is a public
purpose for which it may properly be authorized to take land by
eminent domain. [508]

BILL IN EQUITY, filed in the Superior Court on November
17, 1954.
The suit was heard by *Cahill, J.*
*Bernard Kaplan,* City Solicitor, for the defendants.
*Gerald May, (Walter L. Landergan, Jr.,* with him,) for the
plaintiffs.

WHITTEMORE, J.    The defendants appeal from a final de-
cree adjudging to be null and void the taking by eminent
domain by the city of Malden of five parcels of land on
Middlesex Street, owned by the plaintiffs at the time of the
taking, for the purpose of constructing a public parking
place.

The decree was erroneous.    We hold, contrary to the
ruling of the judge in the Superior Court, that the special
statute under which the city acted (St. 1954, c. 600) did
authorize the taking of the plaintiffs' land, even though it
was at the time being used for public parking.

The statute provides in part, "For the purpose of con-
structing a public parking space the city of Malden may,
for such purpose, acquire by purchase or otherwise, or take

by eminent domain . . . land and buildings located on Garnet and Waverly streets or either of them or any other streets in said city as the city council may determine."

This is sufficient authorization to take land and buildings on any street in the city. *Opinion of the Justices,* 330 Mass. 713, 718.

The use of the land by the private owners for a public parking lot did not cause the land already to be devoted to public uses so that there was no necessity of the exercise of the extraordinary power of eminent domain. Art. 10 of the Declaration of Rights. Among the several significant differences is the fact that the private owners at any moment could decide to sell the land for other purposes or to use it for other purposes. *Cary Library* v. *Bliss,* 151 Mass. 364, on which the plaintiffs rely, is not in point. There the library provided by gift of Maria Cary was by the trust committed to the public use. It was as this court said (page 379) held "for a public use." See *Long Island Water Supply Co.* v. *Brooklyn,* 166 U. S. 685, 689; *Trenton* v. *Lenzner,* 16 N. J. 465, 470, certiorari denied sub nomine *Lenzner* v. *Trenton,* 348 U. S. 972.

The provision of off-street parking spaces is a public purpose for which land may be taken under the statute. *Denihan Enterprises, Inc.* v. *O'Dwyer,* 302 N. Y. 451. *Trenton* v. *Lenzner,* 16 N. J. 465. *Poole* v. *Kankakee,* 406 Ill. 521. *Phillips* v. *Officials of Valparaiso,* 233 Ind. 414. Such provision is an essential concomitant of the provision of highways for the use of automobiles. The parking lot is a necessary public utility in a society which has so evolved that its functioning is dependent on the daily movement of much of the population in motor vehicles. Legislative findings on the question of what is a public use are significant. *Broderick* v: *Department of Mental Diseases,* 263 Mass. 124. *McLean* v. *Boston,* 327 Mass. 118, 121. *Burnham* v. *Mayor & Aldermen of Beverly,* 309 Mass. 388. In addition to the subject statute, for legislative findings see G. L. (Ter. Ed.) c. 40, § 22B, § 5 (33).

In serving this public purpose the Legislature and the

aldermen acting under the delegated power might lawfully plan for the long future and fix into the plan as parking areas lots deemed appropriate therefor, taking them at such time as appeared appropriate, whether or not then devoted to like use by private owners.

The final decree is reversed and a decree is to be entered adjudicating the validity of the taking.

*So ordered.*