CITY OF WORCESTER *vs.* COMMONWEALTH.

Worcester. October 4, 1962. — November 5, 1962.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, KIRK, & SPIEGEL, JJ.

*Eminent Domain,* Taking of municipal property, Damages. *Municipal Corporations,* Property.

A city was not entitled to have damages assessed under G. L. c. 79 for a taking by the Commonwealth for highway purposes under St. 1956, c. 718, § 6, of school and park land held by the city for strictly public purposes and not subject to any trust; the circumstance, that § 6 provided that the taking should be made "under" G. L. c. 79 and did not contain the express prohibition of payment of damages which had been contained in earlier statutes similar to § 6, did not show an intent that § 6 allow recovery of damages.

PETITION filed in the Superior Court on October 9, 1961.

A motion to dismiss was allowed by *Meagher,* J.

*Henry P. Grady,* Assistant City Solicitor, for the petitioner.

*Eugene G. Panarese,* Assistant Attorney General, for the Commonwealth.

WILKINS, C.J. This petition under G. L. c. 79, the eminent domain procedural statute, is for the assessment of damages for the taking of two contiguous parcels of the city's land. The takings were made in May, 1961, under

G. L. c. 79, and St. 1956, c. 718, entitled, "An Act providing for an accelerated highway program." One parcel was used for school purposes, and the other was park land. Each parcel concededly was not held by the petitioner in its proprietary capacity, and was not subject to any trust. The respondent filed a motion to dismiss on the grounds that (1) G. L. c. 79 does not apply to public lands taken for highway purposes; and that (2) St. 1955, c. 693, and St. 1957, c. 657, are applicable. The judge allowed the motion, and the petitioner excepted.

Land owned and used by a municipality in its public capacity may be taken and transferred by the Legislature to another public use or agency without the payment of compensation. *Higginson* v. *Treasurer & Sch. House Commrs. of Boston,* 212 Mass. 583, 585. *Wright* v. *Walcott,* 238 Mass. 432, 435. *Lowell* v. *Boston,* 322 Mass. 709, 731. It is otherwise as to property held in a private capacity. *Proprietors of Mount Hope Cemetery* v. *Boston,* 158 Mass. 509, 511, 519. *Ware* v. *Fitchburg,* 200 Mass. 61, 68. These principles have become axiomatic and are unquestioned by the parties.

The petitioner's fundamental contention is that the statute authorizing the taking makes the procedure subject to c. 79 and contains no express prohibition against the payment of compensation, and so compensation is recoverable by the city as in ordinary cases.

The authorizing statute, St. 1956, c. 718, § 6, is the third of three statutes, the others being St. 1952, c. 556, and St. 1954, c. 403, each entitled, "An Act providing for an accelerated highway program." Section 6 of c. 718 reads, so far as material: "The department [of public works] and the [metropolitan district] commission may, on behalf of the commonwealth, take by eminent domain under chapter seventy-nine of the General Laws, or acquire by purchase or otherwise, such public or private lands, including buildings thereon, cemeteries, public parks or reservations, or parts thereof or rights therein, including buildings thereon, and public ways as it may deem necessary for carrying out the provisions of this act . . . .."

In St. 1952, c. 556, § 6, and St. 1954, c. 403, § 6, there was a proviso, which read, ''provided, that no damages shall be paid for public lands or parks, parkways or reservations.'' The petitioner urges that the omission of this proviso in St. 1956, c. 718, § 6, shows a legislative intent that municipalities be permitted to recover compensation under G. L. c. 79. We have been referred to, and have found, nothing in the legislative history to support this contention. We disagree. The *Mount Hope Cemetery* and *Higginson* cases, *supra,* are clearly to the effect that no compensation is payable for the taking of municipal property held strictly for public purposes, such as this was. It is evident that the prohibition in St. 1952, c. 556, § 6, and St. 1954, c. 403, § 6, added nothing to the existing law, and that the removal of the superfluous proviso left the law as it had been all along.

The other statutes relied upon in the motion should be noticed. In St. 1955, c. 693, § 1, it is provided, ''Notwithstanding any provisions of law . . . [with exceptions not now material] authorizing the taking by eminent domain or otherwise of certain public lands for highway improvements without the payment of damages therefor, the state department of public works or such other department, authority or public agency as may be involved is hereby authorized and directed to pay to the city, town, department, authority or agency in possession of lands so taken, transferred or used an amount to be mutually agreed upon.'' This was amended by St. 1957, c. 657, in part by adding, ''In the event that the parties concerned are unable to mutually agree upon the amounts to be paid as herein provided the matter shall be referred to the real estate review board created by section six of chapter four hundred and three of the acts of nineteen hundred and fifty-four which shall determine the amount to be paid, and said determination shall be final.''

Whatever rights to compensation the city has are under the two statutes just cited. The Commonwealth concedes such rights exist.

*Exceptions overruled.*