MASSACHUSETTS TURNPIKE AUTHORITY *vs.* COMMONWEALTH.

Middlesex.  May 4, 1964. — May 29, 1964.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, KIRK, & SPIEGEL, JJ.

*Massachusetts Turnpike Authority. Eminent Domain,* Taking of public property, Taking of property of Authority, Damages. *Constitutional Law,* Eminent domain, Due process of law. *Practice, Civil,* Motion to dismiss.

Upon appeal from the allowance of a motion to dismiss a petition for assessment of damages for a taking by eminent domain of land of a turnpike authority not shown by the petition to have been held other than in a governmental capacity, this court did not consider statements of facts outside the face of the record set forth in the briefs nor whether any of the land had been held in a proprietary capacity. [526]

The Massachusetts Turnpike Authority was not entitled to have damages assessed under G. L. c. 79 for a taking by the Commonwealth for high-way improvements of land held by the Authority in a governmental capacity; whatever rights to compensation the Authority had were under St. 1955, c. 693, § 1, as amended by St. 1957, c. 657. [526, 527]

Section 5 of G. L. c. 79 does not restrict the power of the Commonwealth to take land by eminent domain. [528]

Under St. 1955, c. 693, § 1, as amended by St. 1957, c. 657, when public land held in a governmental capacity is taken by eminent domain for highway improvements compensation will be paid under those statutes by the public agency making the taking, except that when the taking is made by the Massachusetts Turnpike Authority no compensation will be payable. [529]

St. 1955, c. 693, § 1, as amended by St. 1957, c. 657, is inapplicable to a taking by eminent domain for highway improvements of public land held in a proprietary capacity, and the "city, town, department, author-ity or agency in possession" of land so taken may proceed for an assessment of damages under G. L. c. 79. [529]

The "certain public lands" held in a governmental capacity for which
St. 1955, c. 693, § 1, as amended by St. 1957, c. 657, authorizes the
payment of compensation when taken by eminent domain for highway
improvements are not restricted by §§ 2 and 3 specifically referring to
the Metropolitan District Commission, nor confined to lands held for
park and recreational purposes.    [529]

St. 1955, c. 693, § 1, as amended by St. 1957, c. 657, relates only to
takings by eminent domain of public lands for highway improvements
for which there is no constitutional right to damages, and as applied
to a taking by the Commonwealth for highway improvements of land of
the Massachusetts Turnpike Authority held in a governmental capacity
does not impair any vested right of the Authority.    [529]

PETITION filed in the Superior Court on April 10, 1962.

A motion to dismiss was allowed by *Gourdin, J.*

*Charles F. Mahoney (Thomas J. Wilgren* with him) for
the petitioner.

*Frederic E. Greenman,* Assistant Attorney General
(*John F. St. Cyr,* Legal Assistant to the Attorney General,
with him), for the respondent.

WILKINS, C.J.    The petitioner is "a body politic and cor-
porate" established by St. 1952, c. 354, as amended, "and is
a public instrumentality performing an essential govern-
mental function." It owns and operates a toll express
highway running easterly from the New York State line
and terminating in Weston at the date of filing the petition.
On March 28, 1961, the Commonwealth, acting through its
Department of Public Works, purported to take by eminent
domain for highway purposes certain parcels of land in
Weston owned by the petitioner and awarded damages of $1.
Part of the land is within the confines of its express toll
way.    There was also a taking in fee of approximately 5.16
acres in Newton and a temporary easement in unspecified
land.    The use previously made of these parcels does not
appear, and there is nothing to show that they were held
other than in the petitioner's public capacity.    The peti-
tion prays for the assessment of damages.    G. L. c. 79, as
amended.

The respondent filed a motion to dismiss the petition for
want of jurisdiction because (a) the provisions of G. L.
c. 79 "do not apply to public land taking [*sic*] for highway

purposes"; and (b) the provisions of St. 1955, c. 693, and St. 1957, c. 657, "apply to public land taken for highway purposes." The motion was allowed, and the petitioner appealed.

A motion to dismiss must be based upon matters appearing on the face of the record. *Graustein* v. *Boston & Maine R.R.* 304 Mass. 23, 25. *Zwick* v. *Goldberg*, 304 Mass. 66, 69. *Furlong* v. *Cronan*, 305 Mass. 464, 465. The parties in their briefs have set forth statements of fact outside the record.[1] These are not properly before us and must be disregarded. Neither shall we read into the petition an issue of fact as to whether any of the land is held in a proprietary capacity.

The motion to dismiss is identical, even to the mistake in phraseology of ground (a), with the motion to dismiss in *Worcester* v. *Commonwealth*, 345 Mass. 99. In that case the city brought a petition under G. L. c. 79 for the assessment of damages for the taking of two parcels, one used for school purposes, and the other for a park, which were not held by the city in its proprietary capacity and were not subject to any trust. In upholding the action of the trial judge in dismissing the petition, we decided that whatever rights to compensation the city had were under St. 1955, c. 693, § 1, and St. 1957, c. 657, and not under G. L. c. 79.

Statute 1955, c. 693, is entitled, "An Act providing for reimbursement for lands transferred by state departments or agencies." In § 1 it is provided: 'Notwithstanding any provisions of law, except the provisions of chapter three hundred and fifty-four of the acts of nineteen hundred and fifty-two and amendments thereto, authorizing the taking by eminent domain or otherwise of certain public lands for highway improvements without the payment of damages therefor, the state department of public works or such other department, authority or public agency as may be involved is hereby authorized and directed to pay to the city, town, department, authority or agency in possession of lands so

---

[1] For example, the petitioner's brief incorporates the notices of taking sent to it by the Department of Public Works. On the other hand, the respondent's brief alleges that the property was acquired by the petitioner by eminent domain from Boston University.

taken, transferred or used an amount to be mutually agreed upon.''

Section 1 was amended by St. 1957, c. 657, entitled, ''An Act providing that the real estate review board shall determine the amount to be paid for public lands taken for highway purposes,'' by adding the following: ''In the event that the parties concerned are unable to mutually agree upon the amounts to be paid as herein provided the matter shall be referred to the real estate review board created by section six of chapter four hundred and three of the acts of nineteen hundred and fifty-four which shall determine the amount to be paid, and said determination shall be final. The provisions of this act shall apply also to all park or beach lands or lands used for park or beach purposes so taken, transferred or used on or after June thirtieth, nineteen hundred and fifty.''

Our decision in *Worcester* v. *Commonwealth,* 345 Mass. 99, *supra,* is decisive of the present case unless there is to be drawn a distinction between municipal corporations and the petitioner's status as an Authority. We do not draw this distinction. Our attention is directed to elementary statements in our opinions to the effect that an Authority is a separate entity and has an existence apart from that of the Commonwealth. See *Johnson-Foster Co.* v. *D'Amore Constr. Co.* 314 Mass. 416, 419; *Opinion of the Justices,* 334 Mass. 721, 734; *Waite Hardware Co.* v. *Ardini & Pfau, Inc.* 339 Mass. 634, 637; *Commonwealth* v. *Biddiscombe, ante,* 427, 429. None of these cases expresses the view that an Authority is in a different position in this respect than is a municipal corporation. Indeed, in *Opinion of the Justices,* 322 Mass. 745, 752, it was said ''that a housing authority is not the Commonwealth itself any more than a city would be the Commonwealth''; and in *Opinion of the Justices,* 334 Mass. 721, 734, *supra,* the Massachusetts Port Authority was said to bear ''considerable analogy to a municipal corporation.''

Obviously, this ''public corporation'' (see *Opinion of the Justices,* 330 Mass. 713, 719; *Luke* v. *Massachusetts Turn-*

*pike Authy.* 337 Mass. 304, 307), whose members are appointed by the Governor with the advice and consent of the Council, does not partake of the nature of a superstate greater than the sovereign which created it. The Authority is placed in the Department of Public Works, although, with exceptions presently immaterial, it is not made subject to the supervision and regulation of that department or any other department or agency of the Commonwealth. St. 1952, c. 354, § 3. It makes an annual report to the Governor and to the General Court; its annual audits are public records. St. 1952, c. 354, § 15. Its accounts are subject to an annual audit by the State auditor. G. L. c. 11, § 12, as amended through St. 1962, c. 733. It may make long term leases on behalf of itself and the Commonwealth. St. 1963, c. 505. When all its bonds shall have been paid or payment provided for, the turnpike is to become part of the State highway system. Its other assets will be turned over to the Commonwealth, and this "public instrumentality" will be dissolved. St. 1952, c. 354, § 17.

We reject the contention that anything in § 5 of c. 79 aids the petitioner. This section does not restrict the power of the Commonwealth. See *Burnes* v. *Metropolitan Dist. Commn.* 325 Mass. 731. The argument based on § 45 of c. 79 merits no discussion.

We now consider contentions based upon the phraseology of St. 1955, c. 693. (1) The petitioner argues that by § 1, *supra,* it is excluded from the application of that chapter. The draftsmanship is faulty, and the duty devolves upon us to give § 1 a reasonable construction. The Commonwealth interprets the section as meaning: *"Notwithstanding any provisions of law . . . authorizing the taking . . .* of certain public lands . . . without the payment of damages therefor, the state department of public works . . . is hereby authorized and directed to pay to the . . . authority . . . in possession of lands so taken . . . an amount to be mutually agreed upon." On the other hand, the petitioner interprets § 1 as meaning: "Notwithstanding any provisions of law, except the provisions of chapter three hun-

dred and fifty-four of the acts of nineteen hundred and fifty-two and amendments thereto . . ." (italics supplied).

We prefer the Commonwealth's interpretation. The effect is to make an exception of the Authority only with respect to *the taking by* it of public lands, and not with respect to a case like the present where land is *taken from* the Authority. This means that when public land is taken for highway improvements in circumstances where formerly no damages were paid, namely where the land was held in a governmental rather than in a proprietary capacity, St. 1955, c. 693, and now also St. 1957, c. 657, apply, and damages will be paid under those statutes except where the Authority makes the taking, in which case the previous law will continue to govern and no damages will be payable. But where the land taken is held in a proprietary capacity, St. 1955, c. 693, and St. 1957, c. 657, are inapplicable, and the "city, town, department, authority or agency in possession" may proceed under G. L. c. 79, as amended.

(2) The Authority also contends that the reference in § 1 to "certain public lands" is restricted by §§ 2 and 3, which specifically refer to the Metropolitan District Commission. We do not accept this contention. Both the title to St. 1955, c. 693, and the broad language of § 1 lead to another conclusion. The message of the Governor to the Legislature (1955 House Doc. No. 3002) is not controlling as indicating a contrary legislative intent.

That the scope of St. 1955, c. 693, is not confined to park and recreational land has been held in *Worcester* v. *Commonwealth,* 345 Mass. 99, *supra.* See to similar effect *Proprietors of Mt. Hope Cemetery* v. *Boston,* 158 Mass. 509; *Higginson* v. *Treasurer & Sch. House Commrs. of Boston,* 212 Mass. 583.

There is no merit in the argument that the application of St. 1955, c. 693, to the petitioner is an impairment of its vested rights. The statute relates only to takings for which there is no constitutional right to damages. The Commonwealth, however, concedes that the petitioner may have such damages as the real estate review board may award.

The argument based upon the petitioner's turnpike revenue bondholders (see St. 1952, c. 354, §§ 8, 9) has no pertinency. The limited allegations of the petition show only a taking for highway purposes of certain parcels, part of one of which was within the confines of the petitioner's toll way. If there existed facts tending to show any impairment of the obligation of a contract between the Authority and bondholders, they have not been set forth.

*Order dismissing petition affirmed.*