89 N.J. Super. 1 (1965)
213 A.2d 193
TEXAS EASTERN TRANSMISSION CORPORATION, A DELAWARE CORPORATION AUTHORIZED TO DO BUSINESS IN NEW JERSEY, PLAINTIFF,
v.
WILDLIFE PRESERVES, INC., A NEW JERSEY CORPORATION, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided August 26, 1965.
*3 Messrs. Jeffers & Mountain, attorneys for plaintiff.
Mr. Stuart A. Young, Jr., attorney for defendant.
LONG, J.C.C. (temporarily assigned).
In this condemnation case, defendant Wildlife Preserves, Inc., the owner of the land affected, resisted the condemnation on the ground that the premises in question were already devoted to a prior public use and were therefore not subject to condemnation by plaintiff. Defendant filed an answer to this effect and plaintiff moved to strike the answer on the ground that it failed to state a valid defense.
The answer sets up the defense as follows:
"1. Defendant is a non-profit, tax exempt and eleemosynary corporation engaged in the acquisition of land for conservation and preservation of wildlife, and related charitable, scientific and educational purposes. Its operations are affected with a public interest.
2. The right-of-way sought by plaintiff would cut across a large tract, known as `Troy Meadows,' which has been acquired by defendant for the aforesaid purposes, and would cause substantial and irreparable damage by disturbing the natural habitat of animals and destroying the flora and fauna.
3. An important public interest will be adversely affected by exercise of the right of eminent domain. The damage caused thereby will outweigh the loss to plaintiff and the public by denial of the right to condemn along the route proposed by plaintiff. Since an alternate route is at plaintiff's disposal, no appreciable public purpose would be served by granting the relief sought by plaintiff."
In defendant's brief it states the issue and its proposed proofs as follows:
"The issue is very narrow. Succinctly stated it is whether this plaintiff, with an admitted general right to take property by the exercise of eminent domain, may nevertheless take the property of *4 this defendant which is already devoted to public use. The court has directed the filing of this memorandum to determine whether there is any legal basis for the introduction of evidence by defendant to contest the right to take before commissioners are appointed.
This defendant will, if given the opportunity to do so, present proof that it is a duly organized New Jersey corporation, not for profit, pursuant to the statutes of that state, that it purchased the tracts in question for the purpose of devoting them to conservation and that it has in fact so devoted them and intends to continue to so devote them. It will also offer proof that these tracts have in fact been leased to the Fish and Wildlife Service of the Department of the Interior of the United States Government and that that Department is presently devoting these lands to conservation purposes. It will also offer proof to show that a number of easements have already been taken across its lands for the purpose of other utility lines, that the taking of this additional easement will have a severe adverse effect upon the ecology of the land and its adaptability to conservation purposes, that the route of the proposed pipeline will cross over and destroy certain topographical features which are extremely important to the successful devotion of this land to conservation purposes and that it has, entirely without prejudice, offered to the plaintiff an alternate route which would not have such adverse effect."
This court is not prepared to hold, as contended by plaintiff, that the doctrine of prior public use applies only where the landowner who claims the benefit of the doctrine has the power of condemnation itself. However, something more must appear than a voluntary devotion of the premises to a use which is beneficial to the public or which, under certain circumstances, could be a use for which the power of eminent domain could properly be authorized by the Legislature. The mere fact that the property is actually being used for a public purpose or for a purpose for which a public body could be granted the power of eminent domain would not prevent a duly authorized corporation from condemning the property for that specific purpose. City of Trenton v. Lenzner, 16 N.J. 465, 470 (1954). The point is that the "public use" which would prevent condemnation must be a use to which the public, or some portion thereof, is legally entitled and to which the owner is legally bound. The prior use must be devoted to the public as a matter of legal obligation on the owner. A mere voluntary assumption of public service which may be abandoned at any time does not carry with it protection *5 from the exercise of eminent domain. 1 Nichols on Eminent Domain, § 2.2, p. 146. It must appear that the public has an enforceable right to a definite and fixed use of the property. Tuomey Hospital v. City of Sumpter, 243 S.C. 544, 134 S.E.2d 744, 747 (Sup. Ct. 1964). The test is not what the owner may choose to do, but what under the law he must do, and whether a public trust is impressed upon the land. Bailey v. Anderson, 182 Va. 70, 27 S.E.2d 914, 917 (Sup. Ct. App. 1943), certiorari denied 321 U.S. 799, 64 S.Ct. 940, 88 L.Ed. 1087 (1944). See also Tate v. City of Malden, 334 Mass. 507, 136 N.E.2d 188 (Sup. Jud. Ct. 1956), and Bogart v. Hackensack Water Co., 101 N.J.L. 518 (E. & A. 1925). The proofs tendered by defendant fall short of proving a right in the public, enforceable by the public, in the lands in question. Defendant is a private nonprofit corporation which is presently devoting the lands to a public use. However, it was conceded at the argument that there was nothing to prevent defendant from selling these lands and pursuing its laudable purposes on other lands. This situation does not raise defendant and these lands to the level of a "prior public use" within the meaning of the condemnation cases.
Seward v. Orange, 59 N.J.L. 331 (Sup. Ct. 1896), was not a condemnation case and is not applicable.
The fact that these lands have been leased to the Fish and Wildlife Service of the Department of the Interior of the United States Government, and that that Department is presently devoting the lands to conservation purposes, would not prevent plaintiff from exercising its right of eminent domain. The Federal Government has the right to condemn these lands but has not yet seen fit to do so.
The fact that another route is available to plaintiff, and that defendant has offered such an alternate route, is not sufficient to invalidate plaintiff's determination to acquire an easement over the premises here in question. In the absence of some other controlling factor, the decision is within the reasonable discretion of plaintiff, and the fact that another *6 route is available does not become an important factor unless the doctrine of prior public use comes into play. Weehawken Tp. v. Erie Railroad Co., 20 N.J. 572, 585 (1956). As above stated, that doctrine is not applicable here.
Accordingly, it is determined that defendant's answer and its offer of proof do not tender a valid defense to the action and that the motion to strike the answer should be granted. The order appointing commissioners will be signed.