REVERE HOUSING AUTHORITY *vs.* COMMONWEALTH & others.

Suffolk.    April 26, 1966. — June 16, 1966.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, KIRK, & REARDON, JJ.

*Commonwealth,* Proceeding against Commonwealth. *Equity Jurisdiction,* Declaratory relief, Proceeding against Commonwealth. *Eminent Domain,* Taking of public property. *Real Estate Review Board. Parking. Way,* Public: parking.

St. 1955, c. 693, § 1, as amended by St. 1957, c. 657, indicated a legislative intent that the Commonwealth could be made a party to a suit seeking a declaratory decree as to the jurisdiction of the Real Estate Review Board to determine the amount to be paid by a public agency for a taking by eminent domain for highway improvements of public land held in a governmental capacity, and as to the rights and duties of the parties concerned.   [182–183]

St. 1955, c. 693, § 1, as amended by St. 1957, c. 657, authorizing a public agency to pay compensation, and the Real Estate Review Board to determine the amount to be paid if not agreed, for public land held in a governmental capacity taken by the agency by eminent domain "for highway improvements," applied to a taking by eminent domain of certain land of a housing authority which the Metropolitan District Commission was empowered by St. 1960, c. 515, to take "for the purpose of constructing and thereafter maintaining . . . thereon a public parking area."   [183]

BILL IN EQUITY filed in the Superior Court on June 18, 1965.

A plea in bar was heard and sustained by *Moynihan, J.*
The case was submitted on briefs.

*Nyman H. Kolodny & Myer Z. Kolodny* for the plaintiff.

*Edward W. Brooke,* Attorney General, *& James E. V. Donelan,* Special Assistant Attorney General, for the Commonwealth & others.

SPALDING, J.   The averments of this bill for declaratory relief are: In March, 1959, the Revere Housing Authority (authority) acquired four parcels of land on Ocean Avenue, Revere, by means of an order of taking pursuant to G. L. c. 121, § 26P.  It appears that the authority intended to utilize the land as part of a redevelopment plan for Revere. In September of 1962, the Metropolitan District Commission (commission), acting under St. 1960, c. 515, and G. L. c. 79, made a taking of these parcels in the name of the Commonwealth "for the purpose of constructing and . . . maintaining . . . thereon a public parking area."   On the theory that this transaction is subject to St. 1955, c. 693, amended by St. 1957, c. 657, the authority has sought payment for the land taken, but "the parties have been unable to agree upon the amount which the . . . [commission] should pay."   The authority has also attempted pursuant to these statutes to bring the matter before the real estate review board (board) created by St. 1952, c. 556, § 6, but the commission opposes this procedure and "denies the right of the . . . [authority] to have the amount so determined by said . . . [b]oard."   By the amended bill, which impleads the individual members of the board, the authority alleges that they have ignored the written request for a determination of the amount owed for the land.

The relief requested is a declaration regarding the rights and duties of the parties occasioned by the taking of the four parcels; an order that the commission submit the matter to the board for a determination of the amount owed; a declaration that St. 1957, c. 657, gives the board jurisdiction over this matter; and an order that the board undertake a determination of the amount due the authority.

The Commonwealth filed a plea in bar, the ground of

which was that a proceeding for declaratory relief will not lie against the Commonwealth. The judge sustained the plea for the reason that "[t]he Commonwealth has not consented to be impleaded in its own courts" in a proceeding of this sort. Being of opinion that the correctness of his ruling ought to be determined by the full court before any further proceedings in the Superior Court, the judge reported the question. See G. L. c. 214, § 30.

In *Executive Air Serv. Inc.* v. *Division of Fisheries & Game,* 342 Mass. 356, 358, we held that "[b]y enacting the declaratory judgment procedure [G. L. c. 231A] the Commonwealth did not consent to become a defendant in this type of suit." The underlying rationale of that decision was the principle of sovereign immunity. See *Demetropolos* v. *Commonwealth,* 342 Mass. 658, 661.

The authority correctly points out that the *Executive Air Service* case does not apply to a situation where the Commonwealth has specifically authorized itself to be sued, or where the statute under which the bill was brought indicates that the Legislature must have contemplated that the Commonwealth could be made a party. See *Franklin Foundation* v. *Attorney Gen.* 340 Mass. 197, 203. The authority urges that the language of St. 1955, c. 693, and St. 1957, c. 657, brings this case within the principle laid down in the *Franklin Foundation* case. We agree.

Chapter 693 of St. 1955 provides: "Notwithstanding any provisions of law . . . [with an exception not here relevant] authorizing the taking by eminent domain or otherwise of certain public lands for highway improvements without the payment of damages therefor, the . . . department . . . involved is . . . authorized and directed to pay to the city, town, department, authority or agency in possession of lands so taken, . . . an amount to be mutually agreed upon." This act was amended by St. 1957, c. 657, which added in part: "In the event that the parties concerned are unable to mutually agree upon the amounts to be paid . . . the matter shall be referred to the real estate review board . . . which shall determine the amount to be paid, and said determination shall be final."

There is nothing equivocal in this language; nor is any discretion conferred upon the parties or the board as to whether the procedure outlined should be followed in a particular instance. Where the parties are unable to agree upon the amount to be paid for the land taken, they are directed to submit the matter to the board, and the board is directed to make the determination. We are of opinion that in enacting these provisions the Legislature must have contemplated that the Commonwealth could be made a party to a proceeding like the present which in essence merely seeks a declaration of the jurisdiction of the board and of the rights and duties of the parties concerned. Without resort to the courts for such purposes, the legislative remedy would be illusory, a consequence that could hardly have been intended. See *Franklin Foundation* v. *Attorney Gen.* 340 Mass. 197, 203.

Regarding the applicability of these provisions to the taking here, this turns upon whether the parcels were taken "for highway improvements." The specific act directing the commission to acquire the land provided in part as follows: "The . . . commission is . . . directed to take by eminent domain under the provisions of chapter . . . [79] of the General Laws, or to acquire by purchase or otherwise, a . . . parcel of land . . . in . . . Revere . . . for the purpose of constructing and thereafter maintaining . . . thereon a public parking area." (St. 1960, c. 515.[1]) In *Tate* v. *Malden,* 334 Mass. 507, 508, we held that the provision of off-street parking spaces is a public purpose for which land may be taken by eminent domain. We added, "Such provision is an essential concomitant of the provision of highways for the use of automobiles." From this we conclude that the four parcels taken to provide a public parking area were taken "for highway improvements" within the meaning of St. 1955, c. 693. See also in this re-

---

[1] Although the statute indicates, and the judge below was of the opinion, that "the plaintiff's remedy is by a petition under General Laws c. 79," our decisions in *Worcester* v. *Commonwealth,* 345 Mass. 99, and in *Massachusetts Turnpike Authy.* v. *Commonwealth,* 347 Mass. 524, cast substantial doubt upon this proposition.

gard *Opinion of the Justices,* 330 Mass. 713, 721–723; *Court Parking Co.* v. *Boston,* 336 Mass. 224; *Luke* v. *Massachusetts Turnpike Authy.* 337 Mass. 304.

The order sustaining the plea in bar is reversed.

*So ordered.*