TEXAS EASTERN TRANSMISSION CORPORATION, *ETC.*, PLAINTIFF-RESPONDENT, v. WILDLIFE PRESERVES, INC., *ETC.*, DEFENDANT-APPELLANT.

TEXAS EASTERN TRANSMISSION CORPORATION, *ETC.*, PLAINTIFF-RESPONDENT, v. TROY HILLS GAME AS-SOCIATION, INC., DEFENDANT, AND WILDLIFE PRE-SERVES, INC., *ETC.*, DEFENDANT-APPELLANT.

TEXAS EASTERN TRANSMISSION CORPORATION, *ETC.*, PLAINTIFF-RESPONDENT, v. FRANK SENA, JR., DE-FENDANT, AND WILDLIFE PRESERVES, INC., *ETC.*, DEFENDANT-APPELLANT.

TEXAS EASTERN TRANSMISSION CORPORATION, *ETC.*, PLAINTIFF-RESPONDENT, v. CLAUDE HABBERSTAD, DEFENDANT, AND WILDLIFE PRESERVES, INC., *ETC.*, DEFENDANT-APPELLANT.

Argued June 5, 1967—Decided June 14, 1967.

*Mr. Francis E. P. McCarter* argued the cause for appellant (*Mr. Stuart A. Young, Jr.,* attorney; *Mr. Francis E. P. Mc-Carter* of counsel and on the brief).

*Mr. Robert J. Del Tufo* argued the cause for respondent (*Messrs. Jeffers and Dillon,* attorneys).

The opinion of the court was delivered

PER CURIAM. Plaintiff sought to acquire by condemnation a right of way across property of defendant Wildlife Preserves, Inc. Defendant's property is devoted to the conservation and preservation of wildlife. In answer to the complaint, defendant alleged that the land was not subject to condemnation because it was devoted to a prior public use. Defendant claimed also that the plaintiff's selection of the particular right of way was arbitrary and capricious because there was available on defendant's land an adequate and serviceable alternate route, acceptance and use of which would avoid the devastating and irreparable damage the preserve would suffer if the demanded route was approved by the court's judgment. On plaintiff's motion, the trial court struck defendant's answer as insufficient in law and appointed commissioners to fix the value of the right of way to be taken. 89 *N. J. Super.* 1 (*Law Div.* 1965). The Appellate Division affirmed on the trial court's opinion. 90 *N. J. Super.* 385 (*App. Div.* 1966). This Court granted certification, 47 *N. J.* 91 (1966). Thereafter we approved so much of the lower courts' view as held the doctrine of prior public use inapplicable, but we reversed the summary judgment and remanded the matter for a plenary trial on defendant's claim that the route selected by plaintiff was arbitrary. 48 *N. J.* 261 (1966).

Subsequently a plenary trial of that issue was had. The disputing parties produced their respective lay and expert witnesses on the subject of the reasonableness of plaintiff's choice of route over defendant's land. After hearing all of the proof, the trial court concluded that plaintiff's action

was not arbitrary or capricious, and that the right of way sought by plaintiff represented a reasonable exercise of judgment. Our examination of the record satisfies us that the evidence was ample to sustain the trial court's finding. Accordingly the judgment is affirmed.

*For affirmance*—Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANE-MAN—7.

*For reversal*—None.