129 N.J. Super. 286 (1974)
323 A.2d 515
COUNTY OF OCEAN, PLAINTIFF-RESPONDENT,
v.
HENRY F. STOCKHOLD AND ROSE RUTH STOCKHOLD, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued April 29, 1974.
Decided June 13, 1974.
*287 Before Judges CONFORD, HANDLER and MEANOR.
Mr. R.S. Gasiorowski argued the cause for appellants (Mr. George Siszak on the brief).
Mr. Seymour J. Kagan argued the cause for respondent (Messrs. Berry, Summerill, Rinck & Berry, attorneys).
*288 The opinion of the court was delivered by HANDLER, J.A.D.
The Stockholds appeal the judgment of the court below upholding the right of the County of Ocean to condemn a portion of their property for the purpose of a drainage easement. This judgment left undisturbed the Stockholds' action for damages from water run-offs caused by the construction of a nearby development without adequate provision for drainage.
Bob Scarborough, Inc., a builder, applied to the Ocean County Planning Board for a subdivision called Oakley Hill, Section I. Final approval was granted, the developer agreeing to pay $6,000 for drainage. Thereafter a drainage pipe was constructed extending from the development to a discharge point which caused flooding of the Stockholds' property. As a result the Stockholds brought an action for injunctive relief and damages, in which the County of Ocean, its planning board, and Scarborough are defendants.
Following the institution of the Stockholds' civil action, the county authorized the institution of condemnation proceedings and such an action was instituted against the Stockholds to acquire an easement for drainage purposes. A declaration of taking was filed and $5,684 was deposited with the clerk of the county as the estimate of just compensation. According to the county's request, the proposed easement would be 2500 feet in length and ten feet wide, commencing at the lowest easterly point of the Stockholds' property on New Prospect Road, transversing their land in a southwesterly direction and ending about 1200 feet from their southerly boundary.
At the hearing on the order to show cause the only evidence presented was affidavits by various individuals concerning the relative feasibility of alternative methods for providing adequate drainage. The affiants on behalf of the property owners demonstrated by their affidavits that other methods, not involving the condemnation of property for a drainage easement, were possible and, in their view, preferable. On behalf of the county the assistant county engineer stated by *289 affidavit that the course of the proposed easement was the only effective area for a drainage basin, and if it were not effectuated, greater daamge from flooding would occur. The affidavit of another engineer retained by Scarborough presented the view that there was no alternative feasible method of drainage other than the proposed drainage easement. Another professional engineer and land surveyor stated in his affidavit that the proposed method for the elimination for storm water run-off was the most feasible and would cause the least amount of injury and disruption of natural conditions. Several of the affidavits disputed the feasibility and practicality of the owners' approaches to the drainage situation.
We concur in the result reached by the court below. The county had the statutory authority to initiate condemnation proceedings for the purpose of acquiring property in order to provide adequate drainage and alleviate damage from flooding. Its authority to condemn may be invoked when "necessary or useful for the proper exercise of any power expressly or impliedly conferred upon it * * *." N.J.S.A. 40:30-19. There is a governmental responsibility to assure the adequacy of drainage systems for the general welfare and to protect the public from flooding. Cf. Hamlin v. Matarazzo, 120 N.J. Super. 164, 171-174 (Law Div. 1972). We are unpersuaded by the argument that the condemnation sought by the county is not for a public purpose or is designed primarily to benefit private individuals rather than the public. The benefits to private individuals in this case are incidental, not predominant. Newark v. Essex Cty. Bd. of Taxation, 54 N.J. 171, 187, cert. den. 396 U.S. 987, 90 S.Ct. 483, 24 L.Ed.2d 452 (1969), Whelan v. N.J. Power & Light Co., 45 N.J. 237, 253 (1965); Roe v. Kervick, 42 N.J. 191, 207 (1964); Trenton v. Lenzner, 16 N.J. 465, 469-470 (1954), cert. den. 348 U.S. 972, 75 S.Ct. 534, 99 L.Ed. 757 (1955); State, by State Highway Comm'r v. Totowa Lum. & Supp. Co., 96 N.J. Super. 115, 119-123 (App. Div. 1967); State v. Lanza, 48 N.J. Super. 362, 370 *290 (Law Div. 1957), aff'd 27 N.J. 516 (1958), app. dism. 358 U.S. 333, 79 S.Ct. 351, 3 L.Ed.2d 350, reh. den. 359 U.S. 932, 79 S.Ct. 606, 3 L.Ed.2d 634 (1959).
We are also unconvinced by the contention that "the existence of reasonable alternatives to provide drainage vitiates the necessity to condemn" a portion of the Stockhold property. There was no showing that the decision to condemn involving not only the purpose to be achieved thereby but including as well the quantity of land to be taken and its location, was the result of bad faith, fraud or a manifest abuse of discretion. Wes Outdoor Advertising Co. v. Goldberg, 55 N.J. 347, 353 (1970); Texas Eastern Transmission Corp. v. Wildlife Preserves, Inc., 48 N.J. 261, 269 (1966), aff'd on reh. 49 N.J. 403 (1967); Bergen County v. Hackensack, 39 N.J. 377, 381 (1963). In re East Windsor Mun. Util. Auth. v. Shapiro, 57 N.J. 168 (1970), cert. den. 401 U.S. 1010, 91 S.Ct. 1256, 28 L.Ed.2d 546 (1971); State, by State Highway Comm'r v. Totowa Lum. & Supp. Co., supra, 96 N.J. Super. at 123-124. The various solutions to the drainage problem offered by the property owners, even if accepted arguendo as viable alternatives, reflect certain disadvantages. This is not to say, of course, that the county's proposal, which involves condemnation, does not have drawbacks. The approaches espoused by appellants, however, do not demonstrate that the decision to condemn was arbitrary or capricious.
Appellants contend finally that the matter was determined improperly without a plenary hearing. We are satisfied that none was required. The condemnation action was one authorized to be brought in a summary manner. R. 4:73-1. In such an action the court can determine whether the matter may be completely disposed of on the record or on the taking of minimal testimony. R. 4:67-2(b). In this case the affidavits do not generate a triable issue of fact. They disclose merely that the respective experts differed as to the optimum method for alleviating the drainage problem. Still, the *291 affidavits on behalf of the owners did not demonstrate that the county's proposed handling of the problem was devoid of merit. At most, crediting those affidavits according to their face value, they showed that the owners' approaches were preferable or more desirable. This did not serve to stigmatize the county's course of action as arbitrary or capricious nor did it create a genuine issue of fact as to whether the county's proposal itself was feasible and reasonable.
Affirmed.